UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION NO. 10-138-01** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **JUANETTA MARTIN** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to vacate, set aside, or correct sentence filed by Defendant Juanetta T. Martin pursuant to 28 U.S.C. § 2255. [doc. # 406]. The United States opposes the Motion. [doc. # 412]. For the reasons stated below, it is recommended that the Motion be **DENIED**.

### Background

On April 29, 2010, a federal grand jury returned a ten-count indictment charging Defendant with two health care fraud schemes designed to defraud Blue Cross/Blue Shield and Medicaid. [doc. # 2]. Count 1 of the indictment charged Defendant with conspiracy to commit health care fraud and mail fraud in violation of 18 U.S.C. §§ 371, 1347, and 1341. *Id.* Count 2 charged Defendant with committing mail fraud in violation of 18 U.S.C. § 1341. *Id.* Counts 3-10 charged her with committing health care fraud in violation of 18 U.S.C. § 1347. *Id.*

Trial commenced on August 6, 2012. [doc. # 236]. On August 14, 2012, the jury found Defendant guilty on Count 1 and Counts 3-10. [doc. # 261]. On December 14, 2012, the District Court sentenced Defendant to thirty-nine months of imprisonment and three years of supervised release. [doc. # 342]. It also ordered her to pay $200,853.00 in restitution to Blue Cross and $31,457.12 to Medicaid. *Id*. Defendant appealed on December 18, 2012. [doc. # 319]. The Fifth Circuit affirmed Defendant's conviction and sentence on February 6, 2014. *U.S. v. Martin*,

555 Fed. App'x 358 (5th Cir. 2014).

Defendant filed the instant Motion on July 14, 2014.  [doc. # 406].  She claims that her trial counsel rendered ineffective assistance by failing to present mitigating evidence, failing to investigate, failing to communicate, and failing to obtain and call a medical billing expert.  *Id.*  The United States responds and contends, *inter alia*, that Defendant "has made a series of conclusory unsupported allegations which do not entitle her to relief."  [doc. # 412-1, p. 5].

The matter is now before the Court.

## Law and Analysis

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal.  *U.S. v. Frady*, 456 U.S. 152, 166 (1982).  When a defendant has been convicted and the conviction has been upheld on direct appeal, there is a presumption that the conviction is fair and final.  *U.S. v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  As a result, review under Section 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.

Collateral review is fundamentally different from, and may not replace, a direct appeal.  *Frady*, 456 U.S. at 152.  Thus, even if the issues are constitutional or jurisdictional, a defendant may be procedurally barred from raising them collaterally.  A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  *U.S. v.*

*Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing *U.S. v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)).  Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255.  *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," she may still be entitled to relief under Section 2255 if there is a constitutional error which would result in a complete miscarriage of justice.  *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).  Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which she is innocent.  *Shaid*, 937 F.2d at 232.

Ineffective assistance of counsel claims may be considered under 28 U.S.C. § 2255 because "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal." *Massaro v. U.S.*, 538 U.S. 500, 503 (2003); *U.S. v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).  To prevail on a claim of ineffective assistance of counsel, a defendant must show that her counsel's actions fell below an objective standard of reasonableness and that the ineffectiveness of counsel prejudiced her.  *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).  If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered.  *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997).  The prongs of the test need not be analyzed in any particular order.  *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997).

In applying the first prong of *Strickland*, courts presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy.  *See Strickland*, 466 U.S. at 689-90.  The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v.*

*Whitley*, 21 F.3d 1355, 1361 (5th Cir. 1994). To establish prejudice, the defendant must demonstrate that the attorney's actions "were so serious as to render the proceedings unreliable and fundamentally unfair." *U.S. v. Saenz–Forero*, 27 F.3d 1016, 1019 (5th Cir. 1994). Unreliability and unfairness do not result "if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Accordingly, counsel cannot be ineffective for failing to raise a meritless claim, *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995), and prejudice generally exists only if the defendant demonstrates that she would have received less jail time. *U.S. v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

I. Failure to Present Mitigating Evidence

Defendant first argues that counsel erred when he failed to present evidence of the "accurate way that medical procedures are billed." [doc. # 406-1, p. 4]. She argues that, had counsel presented the evidence, there is a reasonable probability that the jury would have rendered a different verdict. *Id.*

Defendant's conclusory argument is insufficient. Defendant provides no specifics as to what evidence counsel should have presented, when it should have been presented, or whether the evidence would have even been admissible. She fails to overcome the strong presumption that counsel provided effective assistance, and she fails to demonstrate how counsel's alleged error undermined confidence in the outcome of the case. This claim should be **DENIED**. *See Green v. Johnson*, 160 F.3d 1029, 1042-43 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

II. <u>Failure to Investigate</u>

Defendant baldly claims that "facts exist[] that counsel failed to investigate . . . ." [doc. # 406-1, p. 4]. The claim appears to be threefold.[1] From what the Court can glean, Defendant first claims that counsel should have learned more about medical billing so that he could "have objected to obvious errors . . . ." *Id.* at 4-5. However, she does not explain or elaborate on the alleged errors that counsel should have, or would have, objected to if counsel had educated himself to Defendant's liking. Next, Defendant posits that, had counsel investigated the case, he would have somehow been able to reduce her sentence. *Id.* Again, however, Defendant fails to elaborate.[2] These two portions of the claim are wholly conclusory and do not warrant relief. *See U.S. v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.").

Lastly, Defendant claims that counsel should have learned more about medical billing so that he could have better explained the practice to the jury. [doc. # 413, p. 1]. The record refutes this portion of the claim and shows that, during closing argument, counsel explained both the nature of Defendant's business and the practice of medical billing to the jury at length. [doc. # 374, p. 42-55]. This performance certainly does not fall outside the wide range of professionally competent assistance. That aside, Defendant also fails to demonstrate prejudice. She makes no

---

[1] Portions of this claim, as well as arguments set forth below, derive from Defendant's Reply. Although the Reply is untimely, the Court will nonetheless consider it given that the Government alleges no prejudice.

[2] Defendant asks the Court to consider an exhibit. [doc. # 406-1, p. 5, 6]. However, there is nothing attached to Defendant's original motion. There is an exhibit attached to her reply brief, but it does not support her claims of ineffective assistance of counsel.

attempt to explain why the jury would have rendered a different verdict had counsel presented a more thorough and learned explanation of her business's billing practices. This claim should be **DENIED**.

III. Failure to Obtain and Call an Expert Witness

Defendant next contends that counsel provided ineffective assistance when he failed to call an expert on medical billing. [doc. # 406-1, p. 4-6]. Defendant argues:

> Medical billing is so complicated that certified billers train for [at] least a year and then obtain a certification. A medical expert, in this offense, would simply have been a medical coding and billing professional. This person is necessary for clarification of the billing that happened in this case.

*Id.* at 6. She goes on to explain, in her Reply, that her "defense hinge[d] on understanding what her company did and what they billed for in specific instances. [doc. # 413, p. 2].

Claims of uncalled witnesses are disfavored because deciding whether to call a witness is a matter of trial strategy and "allegations of what a witness would have testified are largely speculative." *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007) (citing *Boyd v. Estelle*, 661 F.2d 388, 390 (5th Cir. 1981)). To establish ineffective assistance, a Defendant must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Bray v. Quarterman*, 265 Fed. App'x 296, 298 (5th Cir. 2008) (quoting *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985)). The Defendant must also demonstrate prejudice by showing that there is a reasonable probability that, had counsel called the witness, the witness would have affected the trial's outcome. *Id.*

Here, Defendant fails to identify an expert witness, fails to demonstrate that any witness was available to testify and would have testified, and fails to set forth the content of any witness's proposed testimony. Defendant, apparently recognizing her shortcomings, submits that she need not identify a particular witness and need not demonstrate that the witness was available, because "ANY certified coding specialist would have sufficed." [doc. # 413, p. 3]. However, this argument runs contrary to the authority cited above. The rationale is sound: without this specific information, the Court cannot even begin to question the sufficiency of counsel's representation and cannot conclude that counsel's performance in any way prejudiced Defendant. *See Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002) ("[U]nsupported claims regarding the uncalled expert witness are speculative and disfavored by this Court as grounds for demonstrating ineffective assistance of counsel."). The Court, accordingly, recommends that this speculative and incomplete claim be **DISMISSED**.

IV. Failure to Communicate

Defendant vaguely claims that counsel failed to communicate with her "at key meetings." [doc. # 406-1, p. 5]. She intimates that counsel would have understood billing processes better if he would have communicated with her more. *Id.* at 6.

This claim fares no better than the rest. An attorney does have a duty to "consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Strickland*, 466 U.S. at 688. However, to prove ineffective assistance, a defendant must identify her counsel's shortcomings and show that there is a reasonable likelihood that, but for those shortcomings, the jury's verdict or the court's sentence would have been different. *Id.* at 696. "This demands more than reciting a collection of

missteps: the defendant 'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.'" *Bonner v. U.S.*, 2007 WL 3171835, at *4 (S.D. Tex. Oct. 26, 2007) (quoting *Strickland*, 466 U.S. at 690). Here, it is patently clear that Defendant has not established deficient performance or prejudice. Defendant does not specify what counsel failed to communicate, when counsel failed to communicate, or how more effective communication would have affected the trial's outcome.[3] This claim is meritless and should be **DENIED**.[4]

## Conclusion

For the reasons set forth above, **IT IS RECOMMENDED** that the Motion to vacate, set aside, or correct sentence, [doc. # 406], filed by Defendant Juanetta T. Martin, be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or

---

[3] Even supposing that counsel communicated with Defendant only briefly, "brevity of consultation time between a defendant and his counsel, without more, cannot support a claim of ineffective assistance of counsel." *Mattheson v. King*, 751 F.2d 1432, 1439 (5th Cir. 1985); *see also Carbo v. U.S.*, 581 F.2d 91, 93 (5th Cir. 1978). "The time spent is only one of the elements to be considered and the totality of the facts may not be over-ridden by a judicial stop watch." *Doughty v. Beto*, 396 F.2d 128, 130 (5th Cir. 1968).

[4] Defendant raises two additional claims in her Reply. She claims that "[f]earful counsel is ineffective counsel," [doc. # 413, p. 3], and she faults counsel for failing to call witnesses "that could have potentially helped his client." *Id.* at 4. The former claim is conclusory and in no way demonstrates that counsel rendered inadequate assistance. As to the latter, which is similarly conclusory, Defendant fails to identify the witnesses that counsel should have called and neglects to set forth their proposed testimony. Moreover, the record contradicts this claim and shows that counsel called numerous witnesses to testify in Defendant's favor. [*See* doc. # 373, p. 9-205]. These conclusory claims are without merit and should be **DISMISSED**.

response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 23rd day of September, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE