**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

UNITED STATES OF AMERICA

CRIMINAL NO. 10-0138

VERSUS

JUDGE ELIZABETH E. FOOTE

JUANETTA T. MARTIN

### <u>MEMORANDUM ORDER</u>

Before the Court is a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 435] filed by the Defendant, Juanetta T. Martin ("Martin"). The Government requests that the motion be dismissed based on the Court's lack of jurisdiction to consider the motion. *See* Record Document 437 at 1. For the following reasons, the Court agrees with the Government.

On August 14, 2012, Martin was unanimously convicted by a jury of her peers of criminal conspiracy and health care fraud. *See* Record Document 261. Martin was sentenced to 39 months of imprisonment followed by three years of supervised release. *See* Record Document 342 at 2-3. The United States Court of Appeals for the Fifth Circuit affirmed Martin's conviction and sentence. *See* Record Document 399. On July 14, 2014, Martin filed a 28 U.S.C. § 2255 motion, which was denied by this Court on February 6, 2015. *See* Record Documents 406 & 416. Martin attempted to appeal the denial of her 28 U.S.C. § 2255 motion, but the Fifth Circuit refused to issue a Certificate of Appealability. *See* Record Document 427. Martin was released from federal custody on

November 25, 2015, and she completed her term of supervised release on November 24, 2018.

The Court has reviewed Martin's 28 U.S.C. § 2255 motion, the Government's response, and Martin's reply thereto. However, the Court cannot consider the merits of Martin's motion for the following reasons.

First, Martin was not incarcerated when she filed her motion. Relief pursuant to 28 U.S.C. § 2255 is reserved for individuals "in custody." *See* 28 U.S.C. § 2255(a); *United States v. Bejarano*, 751 F.3d 280, 285 n.4 (5th Cir. 2014). For this Court "to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that [s]he was in custody at the time [s]he filed the petition and that he[r] subsequent release has not rendered the petition moot." *See Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004). Martin completed her term of incarceration and supervised release several years prior to the filing of her motion. Thus, she was not "in custody" when she filed her motion, which deprives this Court of jurisdiction to consider her motion.

Second, because Martin previously filed a 28 U.S.C. § 2255 motion, which this Court considered and denied on the merits, Martin's new motion would be considered a successive 28 U.S.C. § 2255 motion. Before filing a successive 28 U.S.C. § 2255 motion, a petitioner must obtain an order from the United States Court of Appeals that authorizes the district court to consider such a motion. *See* 28 U.S.C. § 2244(b)(3)(A); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Without such authorization, a district court lacks jurisdiction to consider a successive 28 U.S.C. § 2255 motion. *See United States v.*

2

*Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). Even if Martin had been "in custody" at the time she filed her motion, she has not received authorization from the Fifth Circuit to file a successive 28 U.S.C. § 2255 motion. As such, this Court does not have jurisdiction to consider Martin's motion.

Accordingly, Martin's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 435] is **DISMISSED** based on the Court's lack of jurisdiction.

**THUS DONE AND SIGNED**, this __4th__ day of ~~April~~ May, 2026.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

3